**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

ELIZABETH SARAH BROWN,

               Petitioner

   v.

KYLE SAPP, *et al.*,

               Respondents.

CIVIL ACTION NO. 3:26-CV-00404

(MEHALCHICK, J.)

**MEMORANDUM**

On February 18, 2026, the court received and docketed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 from the United States District Court for the Southern District of Georgia. (Doc. 1; Doc. 9). Elizabeth Sarah Brown ("Brown") had filed a petition in the Southern District of Georgia in November of 2025 seeking release from the Tattnal County Jail in Georgia. (Doc. 1). Brown has since been released, but continues to seek a writ of habeas corpus premised on constructive custody because she is threatened the enforcement of arrest orders directing Georgia authorities to re-arrest her for failure to appear in Pennsylvania proceedings and her child is in the custody of York County Office of Children, Youth, and Families in Pennsylvania and. (Doc. 5, at 2). Because Brown has been released, the petition will be dismissed.

## I.   BACKGROUND AND PROCEDURAL HISTORY

In the petition, Brown alleges that she is a long-term resident of Florida and her child was born in West Virginia. (Doc. 1, at 3). In July of 2025, she appeared in York County Pennsylvania to comply with a subpoena for a deposition in a federal civil-rights action pending in this Court against "York County CYS and associated officials" for prior alleged

unconstitutional conduct towards Brown and her family. (Doc. 1, at 3). Following her deposition testimony, Brown traveled to West Viginia and gave birth to her child. (Doc. 1, at 3). She states that while visiting relatives in York County, a "CYS/police raid" occurred at her family's home on October 21, 2025. (Doc. 1, at 3-4). She alleges that "Officers and CYS workers forcibly entered the residence without a warrant." (Doc. 1, at 3-4). Brown then states that following the raid, she was served with an "Order to Compel Cooperation and Appearance" "not through lawful service, buy by armed officers during the unlawful entry." (Doc. 1, at 4). Brown then left Pennsylvania the following day with her child and returned to family in Georgia. (Doc. 1, at 4.) Brown states that in retaliation for leaving Pennsylvania, the "York County CYS procured an 'All-Points Bulletin' (APB) or pickup directive" and made media posts seeking information on the whereabouts of the parents who engaged in "Secret Birth." (Doc. 1, at 4). Brown states that on either October 25, 2025 or October 26, 2025, Georgia officers detained her at her family's residence in Tattnall County, Georgia without a warrant, extradition request, or criminal charge. (Doc. 1, at 4). She was then held in custody in Tattnall County, Georgia. (Doc. 1, at 4).

In the petition, Brown argues that York County lacked jurisdiction, there was an unconstitutional seizure and due-process violation, there was a violation of the Extradition Clause and 18 U.S.C. § 3182, there was retaliation under 42 U.S.C. § 1983, and there was false imprisonment under 42 U.S.C. § 1983 and Georgia tort law. (Doc. 1, at 5).

Along with the petition, Brown filed a motion to proceed *in forma pauperis*. (Doc. 2). She also filed document titled an "Emergency Petition for Writ of Habeas Corpus – 28 U.S.C. § 2241," which repeats the facts alleged in the petition. (Doc. 3).

2

On November 13, 2025, she filed a notice of change of address indicating that she was no longer in custody. (Doc. 4). Shen then filed an emergency notice of state interference and motion for temporary restraining order stating that she had since been released from the custody of Tattnall County, but that her child remained in their custody and threatened enforcement of arrest orders for failure to appear in Pennsylvania. (Doc. 5). As relief she requests that York County Office of Children, Youth, and Families and its Director Gabi Williams be substituted as Respondents. (Doc. 5). Brown also filed a notice of change in custody and a motion to substitute parties. (Doc. 6).

On February 17, 2026, United States Magistrate Judge Cheesbro from the Southern District of Georgia entered an order grating the motion to substitute and transferring the case to this Court. (Doc. 7).

The Court will now grant the motion to proceed *in formal pauperis* and screen the petition pursuant to Rule 4.

## II.    DISCUSSION

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254, Rule 4.

### A.    HABEAS CORPUS RELIEF

Section 2241 "authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who 'is in custody in violation of the Constitution or laws or treaties of the United States,'" including state pretrial detainees. *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 n.5 (3d Cir. 1975)). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-

trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran*, 393 F. App'x at 4 (quoting *Moore*, 515 F.2d at 445-46). Section 2241 may therefore not be used "to litigate constitutional defenses prematurely in federal court." *Duran*, 393 F. App'x at 4 (quoting *Moore*, 515 F.2d at 445). In *Moore v. DeYoung*, the Third Circuit held that although federal district courts have jurisdiction to hear the habeas challenges of state pretrial detainees, "that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present." 515 F.2d at 443. Thus, where no exceptional circumstances are present and a petitioner seeks to litigate the merits of a constitutional defense to a criminal charge, "the district court should exercise its 'pre-trial' habeas jurisdiction only if [the] petitioner makes a special showing of the need for such adjudication and has exhausted state remedies" by presenting his claim to the highest state court. *Moore*, 515 F.2d at 443

Brown is not entitled to habeas relief. First, Brown is no longer in custody. Second, any claim that the pending shelter care order in state court creates some jurisdiction in this court is misplaced. The Supreme Court has made clear that "federal habeas has never been available to challenge parental rights or child custody." *Lehman v. Lycoming Cnty. Children's Servs. Agency*, 458 U.S. 502, 511 (1982). Therefore, the petition for writ of habeas corpus under Section 2241 will be dismissed.

B. CIVIL RIGHTS CLAIMS

Brown also includes civil rights claims in her habeas petition. (Doc. 1). "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that

4

only if his detention were found to be unlawful.'"" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)). When seeking to impose liability due to the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws", the appropriate remedy is a civil rights action. *Leamer*, 288 F.3d at 540. "[H]abeas corpus is *not* an appropriate or available federal remedy." *Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973)).

The claims for which Brown seeks to impose liability due to the deprivation of certain rights and privileges are erroneously included in her petition for writ of habeas corpus as they do not involve a challenge to the legality of her pretrial incarceration. Consequently, they will be dismissed without prejudice to Brown's right to reassert them in a properly filed civil rights action.

### III.   CONCLUSION

For the reasons set forth above, the court will grant the motion to proceed *in forma pauperis*, dismiss the petition for writ of habeas corpus, and deny all other pending motions as moot. A separate order will enter.

**Dated: April 8, 2026**                             *s/ Karoline Mehalchick*
                                          **KAROLINE MEHALCHICK**
                                          **United States District Judge**

5